UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Michael Cochran, | ) C/A No. 2:11-2117-RMG-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| | ) FOR PARTIAL |
| Jailer Lucas, CCDC; Charleston County; City of North Charleston; N. Chas. Police Officer, Badge 338, | ) SUMMARY DISMISSAL |
| Defendants. | ) |

The plaintiff, Patrick Michael Cochran,, a self-represented litigant (*pro se*), files this action without prepayment of the filing fee, *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Plaintiff claims that the Defendant police officer violated his constitutional rights by mishandling his state criminal charges and that he was denied legal counsel. Plaintiff seeks monetary damages. As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect



against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).  Here, after review pursuant to this standard, the undersigned finds that three (3) of the named Defendants are entitled to summary dismissal.

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. §§ 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the Defendant "Jailer Lucas", no allegations are made against this Defendant.  Indeed, the Complaint acknowledges that "this really has nothing to do with the conditions of jail." ECF No. 1 at 2.  Without personal action on the part of an individual with respect to the claim alleged, liability does not attach under § 1983. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001)("liability is personal, based upon each defendant's own constitutional violations").  Therefore, the Complaint fails to state a claim against Jailer Lucas, and he (or she) should be dismissed as a party Defendant.



The Complaint also names Charleston County and the City of North Charleston as Defendants. Municipalities and other local governmental bodies are "persons" within the meaning of § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689 (1978). However, a local government may not be held liable under § 1983 solely because it employs the tort-feasor. *Id*.[1] Rather, Plaintiff must identify a local government "policy" or "custom" of one or both of these Defendants that caused him injury. *Id*. at 694; *Board of County Commissioners v. Brown*, 520 U.S. 397, 402 (1997). To establish liability of a municipality, Plaintiff must "(1) identify[ ] the specific policy or custom; (2) fairly attribute[ ] the policy and fault for its creation to the municipality; and (3) find [ ] the necessary affirmative link between identified policy or custom and specific violation." *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir.1987)(internal quotation marks omitted). The Complaint fails to identify a specific policy or custom attributable to Charleston County or the City of North Charleston in relation to Plaintiff's claims of constitutional violations. The Defendant police officer is alleged to have mishandled his case, and there is no allegation that either of these two Defendants had any thing to do with Plaintiff allegedly being denied legal counsel. Thus, Plaintiff fails to allege facts establishing the necessary affirmative link between a policy or custom and the violation of Plaintiff's rights, and the Defendants Charleston County and the City of North Charleston are therefore entitled to dismissal.

The remaining Defendant, "N. Chas. Police Officer, Badge 338," is <u>not</u> recommended for dismissal at this time. An order has been issued directing that service be attempted on the unnamed officer, because he has been identified by a badge number.

---

[1] As the police officer is identified as being a North Charleston Police Officer, Charleston County would not appear to have even been an employer.

3



<u>RECOMMENDATION</u>

Accordingly, it is recommended that the Court dismiss, without prejudice, Defendants Lucas, Charleston County, and City of North Charleston, as party Defendants in this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii, iii)(dismiss for failure to state a claim).

**Plaintiff's attention is directed to the important notice on the next page**

_____
Bristow Marchant
United States Magistrate Judge

September 16, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).