IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK, CHARLESTON, SC

2011 OCT 11  P 3: 05

| | | |
|---|---|---|
| Patrick Michael Cochran, | ) | Civil Action No. 2:11-2117-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Jailer Lucas, CCDC; Charleston County; City of North Charleston; N. Chas. Police Officer, Badge 338. | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this *pro se* action, Plaintiff contends that his civil rights were violated and that he is entitled to relief pursuant to 42 U.S.C § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On September 16, 2011, Magistrate Judge Marchant issued a Report and Recommendation recommending that three of the named Defendants be dismissed without prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff failed to file objections to the Report and Recommendation. As explained herein, this Court adopts the Magistrate's Report and Recommendation and dismisses Defendants Lucas, Charleston County, and City of North Charleston as parties in this case.

### LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this

1

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed the Report and Recommendation for any clear errors of law and has found none. First, the Court agrees that Defendants Charleston County and the City of North Charleston should be dismissed. A local governmental entity cannot be held vicariously liable for the unconstitutional acts of its employees and is only liable under § 1983 if it causes a deprivation of constitutional rights through an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (holding municipal governments may be sued only for their own unconstitutional or illegal policies; municipalities may not be sued for the acts of their employees); *Gold v. St. Matthews Police Dep't*, No. 3:07-1501, 2007 WL 2110475, at *3 (D.S.C. July 17, 2007) (dismissing the complaint where allegations against the police department failed to allege a policy or a custom that deprived the plaintiff of a federal right). Thus, because Plaintiff has not set forth allegations regarding a policy or custom which has impacted the Plaintiff's constitutional rights, these Defendants are dismissed.

Next, the Court agrees that Defendant "Jailer Lucas" should be dismissed from this action. Plaintiff made no specific allegations against Defendant Lucas, and Plaintiff even states in his Complaint that this action "really has nothing to do with the conditions of jail." (Dkt. No.

1 at 2). Without allegations of actions taken by Defendant Lucas, Plaintiff cannot state a claim against this Defendant. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, Defendant Lucas is dismissed.

## CONCLUSION

After reviewing the Record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and **dismisses** Defendants Lucas, Charleston County, and City of North Charleston, without prejudice, from this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October  *( l*  , 2011
Charleston, South Carolina

3